UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUSTAVO CAMILO, individually, and on behalf of others similarly situated,

        Plaintiff,

        vs.

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LLC, DANACH-NY, LLC, DREIST-NY, LLC, DREIZEHN-NY, LLC, DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY, LLC, EINUNDZWANZIG- NY, LLC, FUNF-NY, LLC, FUNFZEHN-NY LLC, GRUN, LLC, HINTER, LLC, NEUN-NY, LLC, NEUNZEHN-NY, LLC, SCHMECKEN, LLC, SECHS-NY, LLC, SIEBEN-NY, LLC, SIEBZEHN-NY, LLC, UNTER, LLC, VIER-NY, LLC, VIERZEHN-NY, LLC, WEITER, LLC, ZEHN-NY, ZWANZIG-NY LLC, ZWEI-NY, LLC, ZWOLF-NY, LLC, THE BLACK CAR FUND, BLACK CAR ASSISTANCE CORPORATION and NEW YORK BLACK CAR OPERATORS INJURY COMPENSATION FUND, INC., RASIER, LLC, BRAINTREE TECHNOLOGY SOLUTIONS, LLC and BRAINTREE PAYMENT SOLUTIONS, LLC jointly and severally,

        Defendants.

Case No.:

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that Defendants Uber Technologies, Inc. ("Uber"), Uber Logistik, LLC, Uber USA, LLC, Acht-NY, LLC, Achtzehn-NY, LLC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig- NY, LLC, Funf-NY, LLC, Funfzehn-NY LLC, Grun, LLC, Hinter, LLC, Neun-NY, LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC,  Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-

NY LLC, Zwei-NY, LLC, Zwolf-NY, LLC, and Rasier, LLC ("Defendants"), hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  This Notice of Removal ("Notice") is based on 28 U.S.C. sections 1332(d), 1441, 1446, and 1453, and more specifically, the following:

## I.    PROCESS, PLEADINGS, AND ORDERS

1.    On or about October 20, 2017, Plaintiff Gustavo Camilo ("Plaintiff") commenced a civil action in the Supreme Court of the State of New York, County of New York (the "Complaint"), where the case was assigned Index No. 159368/2017.  A true and correct copy of the Summons and Complaint, and all attached documents, are attached hereto as **Exhibit A**.

2.    Plaintiff served certain Defendants with the Summons and Complaint on November 2, 2017.  A true and correct copy of the Affidavits of Service filed by Plaintiff are attached hereto as **Exhibit B**.  On or around November 20, 2017, the parties entered into a Stipulation whereby counsel for Defendants agreed to accept service of process of the Complaint on behalf of Defendants (with the exception of Rasier, LLC, which was not named as a defendant in the initial Complaint) effective on November 2, 2017.   A true and correct copy of the parties' fully-executed Stipulation is attached hereto as **Exhibit C**.

3.    The Complaint alleges the following causes of action: (i) unlawful wage deductions pursuant to New York Labor Law ("NYLL") § 193; (ii) breach of contract; (iii) fraud; and (iv) unjust enrichment.  (Compl., ¶¶ 130-219.)  All of the claims averred are at least in part premised on the theory that Plaintiff and members of the putative class are entitled to recover monies for Black Car Fund fees and sales tax that were charged to riders and allegedly "deducted … from driver earnings." (*Id.*, ¶¶, 110-12, 130-199, 218.)

4.      On or around November 10, 2017, Plaintiff filed the Amended Class Action

Complaint (the "Amended Complaint").  A true and correct copy of the Amended Complaint is

attached hereto as **Exhibit D**. On or around November 20, 2017, the parties entered into a

Stipulation whereby counsel for Defendants agreed to accept service of process of the Amended

Complaint on behalf of Defendants, effective on November 15, 2017.  (*See* **Exhibit C**.)  The

Amended Complaint alleges the same claims averred in the initial Complaint, but also names

additional defendants, and includes a claim for breach of fiduciary duty.  (Amend. Compl., ¶¶

153-216, 238-242.)

5.      Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process,

pleadings, orders and other documents served upon Defendants or filed or received in this action

by Defendants.

## II.    VENUE

6.      Because the Supreme Court of New York County, New York, lies in the Southern

District of New York, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 112(b)

and 1441(a).

## III.   CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

7.      Removal is proper because this Court has original jurisdiction over this action

under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  CAFA grants

federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is

a citizen of a state different from any defendant, and where the amount in controversy exceeds

$5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal

of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each

CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.

Specifically, this Court has jurisdiction over this case under CAFA because it is a putative civil

class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.00.

8.      As a preliminary matter, Plaintiff purports to bring this case as a class action on behalf of himself and all others similarly situated pursuant to New York Civil Practice Law and Rules § 901 *et seq.* This statute authorizes an action to be brought by one or more representative persons as a class action.  As such, this action is properly considered a putative class action under CAFA.

### A.      The Proposed Class Contains At Least 100 Members

9.      Plaintiff defines the putative class as "all Taxi Drivers employed, contracted, and covered by The Black Fund, by 'Defendants' at any time between January 2014, and the date when judgment is entered in this action" (Amend. Compl., ¶ 1), in the State of New York (Amend. Compl., ¶ 154), who have not exercised their right to opt-out of the arbitration provision contained in the applicable technology services agreement(s) they accepted.  (Amend. Compl., ¶ 47.)  A preliminary investigation has revealed that tens of thousands of independent transportation providers, including Plaintiff, have used Uber Technologies, Inc.'s ("Uber") software application (the "Uber App") to generate leads for riders in the State of New York between January 2014 and the present, and have not opted-out of the arbitration provision contained in the applicable technology services agreement(s) they accepted in order to gain access to the Uber App. See **Exhibit G.**   (Dobbs Decl., ¶ 4.)  Accordingly the putative class contains more than 100 members.

**B.     Defendants Are Not Governmental Entities**

10.     Uber is a privately held corporation incorporated in the State of Delaware, and it maintains a principal place of business in San Francisco, California. See **Exhibit G.**  (Dobbs Decl., ¶ 2.)  Defendants Uber USA, LLC, Acht-NY, LLC, Achtzehn-NY, LCC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig- NY, LLC, Funf-NY, LLC, Funfzehn -NY LLC, Grun, LLC, Hinter, LLC, Neun-NY, LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC, Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-NY LLC, Zwei-NY, LLC, Zwolf-NY, LLC, and Rasier, LLC are limited liability companies, and Defendant Uber Logistik, LLC is a dissolved limited liability company.  (*Id*. at ¶ 3.)  Accordingly, Defendants are not governmental entities.

**C.     CAFA's Minimal Diversity Requirement Is Satisfied**

11.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

12.     An individual is a citizen of the state in which he or she is domiciled with the intent to remain.  *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).  "The place where a [man] lives is properly taken to be [his] domicile until facts adduced establish the contrary.  *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *see also Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of [his] domicile.").  Plaintiff alleges that he is a resident of the State of New York. (Amend. Compl., ¶ 47.)  Accordingly, Plaintiff is a citizen of New York.

13.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).  Uber is therefore a citizen of Delaware and California, and not New York. 28 U.S.C. §§ 1332(c)(1).  Accordingly, diversity of citizenship under CAFA exists.

### D.   Amount In Controversy

14.      To meet CAFA's amount in controversy requirement in a Notice of Removal, a defendant need only plausibly allege the aggregated claims of the individual class members will exceed five million dollars.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).   Although Defendants deny the validity and merit of Plaintiff's claims and allegations, and vigorously deny that (i) Plaintiff and putative class members are entitled to any relief, and (ii) Plaintiff's claims are appropriate for class treatment, the damages claimed clearly exceed the jurisdictional minimum.

15.      Uber's records indicate that between January 2014 and the present, well over five-million dollars ($5,000,000.00) in Black Car Fund fees, and well over five-million dollars ($5,000,000.00) in New York State sales tax, have been charged for rides arranged through the Uber App that were completed by independent transportation providers who have not opted-out of the arbitration provision contained in the applicable technology services agreement(s) they accepted in order to gain access to the Uber App. See **Exhibit G** (Dobbs Decl., ¶ 5.)

16.      Based on the foregoing, and the fact that Plaintiff seeks to recover these monies in full, the CAFA amount in controversy requirement is easily satisfied here, even without taking into consideration Plaintiff's claim for liquidated damages under the NYLL.

## IV.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

17.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on December 4, 2017, which is within thirty days of Defendants' receipt of the Complaint.

18.     In accordance with 28 U.S.C. §1446(d), a true and correct copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as **Exhibit E**.  This Notice to State Court, along with the Notice to Adverse Party and this Notice of Removal, will be filed in the Supreme Court of the State of New York, County of New York, where this action was filed and has been pending.

19.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice to Adverse Party is attached hereto as **Exhibit F**.  This Notice to Adverse Party, along with the Notice to State Court of Filing of Notice of Removal and this Notice of Removal, will be served upon Plaintiff in accordance with 28 U.S.C. § 1446 (d).

## V.     CONCLUSION

**WHEREFORE**, having fulfilled all statutory requirements, Defendants remove this action from the Supreme Court of the State of New York, New York County, to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.


                                        Respectfully submitted,


Date:   December 4, 2017
        New York, New York


                                        */s/ Andrew M. Spurchise*
                                        Andrew M. Spurchise
                                        Kevin R. Vozzo
                                        LITTLER MENDELSON, P.C.
                                        900 Third Avenue
                                        New York, NY  10022.3298
                                        212.583.9600

                                        Attorneys for Defendants