# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUSTAVO CAMILO, individually, and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LLC, DANACH-NY, LLC, DREIST-NY, LLC, DREIZEHN-NY, LLC, DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY, LLC, EINUNDZWANZIG- NY, LLC, FUNF-NY, LLC, FUNFZEHN-NY LLC, GRUN, LLC, HINTER, LLC, NEUN-NY, LLC, NEUNZEHN-NY, LLC, SCHMECKEN, LLC, SECHS-NY, LLC, SIEBEN-NY, LLC, SIEBZEHN-NY, LLC, UNTER, LLC, VIER-NY, LLC, VIERZEHN-NY, LLC, WEITER, LLC, ZEHN-NY, ZWANZIG-NY LLC, ZWEI-NY, LLC, ZWOLF-NY, LLC, THE BLACK CAR FUND, BLACK CAR ASSISTANCE CORPORATION and NEW YORK BLACK CAR OPERATORS INJURY COMPENSATION FUND, INC., RASIER, LLC, BRAINTREE TECHNOLOGY SOLUTIONS, LLC and BRAINTREE PAYMENT SOLUTIONS, LLC jointly and severally, <br><br> Defendants. | Case No.: <br><br><br> **DECLARATION OF CHAD DOBBS IN SUPPORT OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT** |

I, Chad Dobbs, hereby declare and state:

1.     I am currently a Senior Operations and Logistics Manager 2 for Defendant Uber

Technologies, Inc. ("Uber"), and I work out of Uber's New York City location.  I have been

employed by Uber since April 2013, and I have worked as an Operations and Logistics Manager

since that time.  In my current role, I am responsible for managing the online Uber marketplace

in New York City (and several other markets), and I have personal knowledge of Uber's general

business model, as well as the operations of certain Uber subsidiaries and affiliated entities,

including Defendants Uber USA, LLC, Uber Logistik, LLC, Acht-NY, LLC, Achtzehn-NY,

LCC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig- NY, LLC, Funf-NY, LLC, Funfzehn -NY LLC, Grun, LLC, Hinter, LLC, Neun-NY, LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC, Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-NY LLC, Zwei-NY, LLC, Zwolf-NY, LLC, and Rasier, LLC.  I have personal knowledge of the facts set forth in this Declaration, and I can and would testify to those facts if called and sworn as a witness.

2.      Uber is a privately held corporation incorporated in the State of Delaware.  Its headquarters and principal place of business is in San Francisco, California.  Uber's primary administrative and financial functions, including human resources, benefits and payroll, are all managed at Uber's headquarters in San Francisco.  Uber is not a governmental entity.

3.      Defendants Uber USA, LLC, Acht-NY, LLC, Achtzehn-NY, LCC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig- NY, LLC, Funf-NY, LLC, Funfzehn -NY LLC, Grun, LLC, Hinter, LLC, Neun-NY, LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC, Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-NY LLC, Zwei-NY, LLC, Zwolf-NY, LLC, and Rasier, LLC are limited liability companies, and Defendant Uber Logistik, LLC is a dissolved limited liability company.  These entities are all Uber subsidiaries and affiliated entities.  They are not governmental entities.

4.      As a Senior Operations and Logistics Manager, I have access to Uber's databases reflecting, among other things, the dates and times that transportation providers accept technology services agreements in order to gain access to Uber's software application (the "Uber App"), the dates (if any) on which transportation providers opt-out of the arbitration provision

contained in those agreements, and the amounts, including taxes and fees, charged for rides arranged through the Uber App. These databases are maintained in the regular course of Uber's business as a regular practice.  Based on my review of these databases, tens of thousands of independent transportation providers, including Plaintiff Gustavo Camilo, have used the Uber App to generate leads for riders in the State of New York between January 2014 and the present, and have not opted-out of the arbitration provision contained in the applicable technology services agreement(s) they accepted in order to gain access to the Uber App.  Uber's records also indicate that between January 2014 and the present, well over five-million dollars ($5,000,000.00) in Black Car Fund fees, and well over five-million dollars ($5,000,000.00) in New York State sales tax, have been charged for rides arranged through the Uber App that were completed by independent transportation providers who have not opted-out of the arbitration provision contained in the applicable technology services agreement(s) they accepted.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed at New York, California, this ____ day of December 2017.

_____

CHAD DOBBS

3