UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUSTAVO CAMILO, individually,
and on behalf of all others similarly situated,

                              Plaintiffs,

vs.

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC,
UBER USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LLC,
DANACH-NY, LLC, DREIST-NY, LLC, DREIZEHN-NY,
LLC, DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY, LLC,
EINUNDZWANZIG- NY, LLC, FUNF-NY, LLC,
FUNFZEHN-NY LLC, GRUN, LLC, HINTER, LLC,
NEUN-NY, LLC, NEUNZEHN-NY, LLC, SCHMECKEN,
LLC, SECHS-NY, LLC, SIEBEN-NY, LLC, SIEBZEHN-NY,
LLC, UNTER, LLC, VIER-NY, LLC, VIERZEHN-NY, LLC,
WEITER, LLC,  ZEHN-NY, ZWANZIG-NY  LLC,
ZWEI-NY, LLC, ZWOLF-NY, LLC, THE BLACK CAR FUND,
BLACK CAR ASSISTANCE CORPORATION and
NEW YORK BLACK CAR OPERATORSINJURY
COMPENSATION FUND, INC., RASIER, LLC, BRAINTREE
TECHNOLOGY SOLUTIONS, LLC and BRAINTREE
PAYMENT SOLUTIONS, LLC jointly and severally,

Case No.: 1:17-cv-09508

New York State Case
Number: 159368/2017

Motion to Remand Pursuant
by Plaintiffs Pursuant to
28 U.S.C § 1447(c), &
1332(d)(4)(A) & 1332(d)(3)

(Diversity Jurisdiction-Class
Action Fairness Act)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

JOSEPH A. ROMANO an attorney duly admitted to practice before the Courts of the State of New York, affirms under penalty of perjury that:

### PRELIMINARY STATEMENT

Plaintiff, Gustavo Camilo ("hereinafter "Camilo"), representing a class consisting of all Taxi Drivers employed, contracted, and covered by The Black Car Fund and Defendants at any time between January 2014 and the date when judgment is entered in this action, by The Law Offices of Joseph A. Romano, P.C., submits this brief in support of his Motion to Remand to the Supreme Court of New York, County of New York pursuant to 28 U.S.C. § 1332(d)(4)(A) and 28 U.S.C. § 1332(d)(3).

Camilo commenced the underlying action on November 9, 2017 in the Supreme Court of New York by filing a Summons against defendant for violations for unlawful wage deductions under New York Labor Law § 19, breach of contract, fraud, unjust enrichment, and breach of fiduciary duty under New York Executive Law 160-dd. Named as a defendant was Uber Technologies, Inc. (hereinafter "Uber") as well as a number of its New York subsidiaries. Also named as defendants were New York citizens, The Black Car Fund and The Black Car Assistance Corporation. On December 4, 2017, Uber moved for Removal to the United States District Court for the Southern District of New York. In turn, Camilo serves the instant Motion to Remand on all parties.

## STATEMENT OF FACTS

Camilo was employed and insured by Uber and its subsidiaries as a Taxi Driver; and registered with The Black Car Fund as a Taxi Driver. Uber is a transport service, based on a model in which drivers to sign up to drive for the service and then transport passengers in exchange for a fee. Uber subsidiaries were utilized to implement the logistics and payment system. They were also used to establish member bases for the drivers. Uber operates 28 wholly owned subsidiaries in New York, each of which has a TLC license to operate an FHV base in New York Each FHV base holds a Certificate of Authority issued by New York State. One such New York subsidiary is Unter, LLC.

The Black Car Fund, a not for profit corporation created under New York State Executive Law, provides Workers' Compensation coverage to all member base Taxi Drivers. Under the Executive Law, all covered tax drivers are employees of the Black Car Fund; thus Uber drivers in New York are employed by the Black Car Fund.

Member bases are required to collect a 2.5% fee from passengers to pay for the drivers' Workers Compensation insurance. Members are not allowed to collect the 2.5% fee from drivers. The Black Car Fund is required make sure this fee is not double charged. In general, they are

required to collect receipts of all charges made by the member bases and to conduct random audits and enforce compliance with New York statutory requirements of charging, collecting, and submitting the Black Car Fund's mandatory surcharges. Uber violated the Executive Law and charged both the passengers and the tax drivers the 2.5% fee. The Black Car Fund did nothing to prevent this. They failed to review and audit member bases in breach of their fiduciary duty to protect their Taxi Driver employees from these illegal deductions by Uber.

The action underlying the instant motion followed.

## ARGUMENT

### THE ACTION SHOULD BE REMANDED TO NEW YORK STATE SUPREME COURT

Defendant moves for Removal pursuant to 28 US.C. § 1441 and 1446. The Class Action Fairness Act of 2005 was added to Title 28 to provide guidelines on Removal in class and mass actions. Therefore, it governs whether Removal here is appropriate. A review of the statute shows that it is not appropriate and that Plaintiff's motion to Remand should be granted.

A.   **Explicit Exceptions to Diversity Jurisdiction in the Class Action Fairness Act**

The Class Action Fairness Act of 2005 (hereinafter "CAFA") expands federal diversity jurisdiction in class and mass actions. Enacted in part to reduce forum shopping among plaintiffs, CAFA allows federal court jurisdiction where at least one plaintiff is diverse from at least one defendant. 28 U.S.C. § 1332(d) (2).

However, federal diversity jurisdiction under CAFA is not without limitation. CAFA provides express exceptions. 28 U.S.C. § 1332(d). One such is known as the 'local controversy' exception. Under 28 U.S.C. § 1332(d)(2), a federal court is required to decline jurisdiction over a class action in which: (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (2) at least one defendant is a defendant from whom significant relief is sought by the plaintiff, whose alleged

conduct forms a significant basis for the claims asserted, and who is a citizen of the State in which the action was originally filed; (3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (4) during the three year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

Additionally, CAFA contains a discretionary exception. Under 28 U.S.C. § 1332(d)(3) a court may, "in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction over a class action where greater than one-third of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the action was originally filed." Factors that a court should consider include: whether the claims asserted will be governed by the laws of the state where the action was originally filed or by the laws of other states; whether the action was pleaded in a manner that seeks to avoid federal jurisdiction (forum shopping); and whether the state forum has a distinct nexus to the class members, alleged harm, or defendants. (The three-year period before filing the class action requirement also applies to this exception.)

**B.     The Local Controversy Exception Demands Requires this Court to Remand the Action**

This court must remand the action to New York Supreme Court because all of the elements of 28 U.S.C. § 1332(d)(2) are met. First, Camilo's Declaration shows that over two-thirds of the members of the proposed class, drivers are citizens of New York. The class, by definition, covers only persons with ties to the state as the Uber NYS Driver application requires a New York State license and a New York State registered vehicle. Second, the Black Car Fund, the New York Black Car Operator Injury Compensation Fund, Inc, and the Black Assistance Car Corporation, as

primary defendants, are citizens of New York. All three maintain headquarters in New York, New York. Third, the principal injuries, wrongfully collected fees and unlawful wage deductions, were incurred in New York. Finally, upon information and belief, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of NYS Uber drivers in the three years preceding the filing of this action.

Of these elements, case law illustrates how the second element is met.

### 1. The Black Car Fund's conduct forms a significant basis for the <u>violation of New York State Executive Law</u>

To satisfy the second element of the local controversy exception, the party moving for remand must show that (a) at least one of the defendants is a citizen of New York; (b) from whom significant relief is sought by members of the plaintiff class, and (c) whose alleged conduct forms a significant basis for the claims asserted. 28 U.S.C. § 1332(d)(4)(A)(i)(II).

In *Simmons v Ambit Energy Holdings, LLC.,* the Southern District of New York found that the local controversy exception mandated dismissal of the claim. 2014 US Dist LEXIS 139016 [SDNY Sep. 30, 2014, No. 13-CV-6240 (JMF). The plaintiffs were citizens and residents of New York who had purchased electricity for residential use from defendant, Ambit, a limited liability company and citizen of Texas. Other business entity defendants named, such as Ambit New York, were citizens of New York. The electricity ultimately came from Ambit, but the plaintiffs contracted with Ambit New York to purchase it. Invoking CAFA as a grounds for diversity jurisdiction, the plaintiffs commenced the action in federal court to recover damages for alleged violations of New York consumer protection laws and for unjust enrichment. *Id.*

The court concluded that the alleged conduct formed a significant basis for the claims asserted. Though Ambit, the Texas citizen, was the ultimate source of the electricity and effectively controlled Ambit New York, because Ambit New York was the party to the contracts

that led to the violation of the New York protection laws and unjust enrichment, that their conduct was a significant basis the claims. Their contracts violated a state law. Ambit New York's conduct was a significant basis and it was a citizen of New York thus the second element was satisfied.

In the case at hand, the Black Car Fund takes the place of Ambit New York and Uber is Ambit. The Black Car Fund is a citizen of New York and Uber is a citizen of Delaware. Significant relief is sought from the Black Car Fund. Like Ambit, Uber may have been an ultimate source of the wrongdoing, as it was using an unlawful scheme collection scheme to illegally deduct Black Car Fund charges in violation of the New York Labor Law § 193 and New York State Executive Law § 160 Article 6-F. But like, Ambit New York, the Black Car fund was also in violation of state law. The Black Car Fund violated the Executive Law by failing to ensure Uber's compliance with the Executive Law's requirements of charging, collecting and submitting taxi drivers' mandatory surcharges. Therefore, the Black Car Fund's conduct is a significant basis for the violations under New York State Executive Law for unlawful wage deductions and breach of fiduciary duty. As such, the Black Car Fund is a citizen of New York from whom significant relief is sought and whose conduct forms a significant basis for the claims asserted.

Camilo's action is distinguishable from *Ava Acupuncture P.C. v State Farm Mut. Auto. Ins.* 592 F Supp 2d 522 [SDNY 2008]. There, plaintiffs were medical providers who had been assigned No-Fault medical reimbursement claims by eligible injured persons. The plaintiffs brought suit against defendant insurers in state court for fraudulently failing to pay statutorily mandated medical benefits under New York's No-Fault Insurance Law as well as other state laws. The Southern District of New York found that the plaintiffs seeking to remand could not demonstrate the existence of at least one "significant" defendant from the state of New York. The primary defendant was State Farm, a citizen of Illinois. The plaintiffs named Auto One, General Assurance and McDonnell & Adels, P.C. as the significant local defendants. The plaintiffs argued that because they engaged in the same challenged practices as those of the main culprit, State Farm,

they formed a significant basis for the claims asserted. The court disagreed . The two companies had 2,229 complaints, some of which were not even for No-Fault denials. In comparison, State Farm has 67,000 No Fault denials. The observed that the formers' conduct failed in comparison to that of State Farm and thus the New York plaintiffs did not have a significant basis to the claims asserted.

Here, all covered class members are members of the Black Car Fund. By failing to regulate Uber, the Black Car Fund breached its fiduciary duty to all members. Therefore, unlike in *Ava Acupuncture*, the Black Car Fund, as a New York defendant is connected to the wage deductions of each and every plaintiff. The actions of the Black Car Fund do not compare in comparison to those of Uber. The two cannot even be separated for comparison. Their actions are in conjunction. Behind each wrongdoing by Uber, was a wrongful failure to act by the Black Car Fund. As such, its conduct constitutes a significant basis for the claims asserted.

2. **In the alternative, the conduct Unter LLC, an important New York defendant conduct forms a significant basis for the violation of New York State Executive Law**

In the alternative, the relationship between Uber and Unter, LLC, an important New York defendant, is the same type of relationship that existed between Ambit and Ambit Texas. Like Ambit used Ambit New York, Uber used Unter, LLC in its dealings with the Plaintiff class. Uber used Unter to collect the 2.5% fee from the taxi drivers. Though, in this capacity, Unter is essentially an arm of Uber, under *Simmons*, the state citizenship of Unter is still has implications for diversity jurisdiction. Unter is a New York citizen like the Plaintiff class. There is no doubt that Unter's collection of the 2.5% fee his action is a significant basis for the claims asserted – indeed it is the most significant basis for the claims asserted. Because Unter is a New York citizen, like the Plaintiff class, this fulfills the second element of the local controversy requirement.

### 3. Common Sense Applications of the Local Controversy Exception

Importantly, in *Simmons*, when discussing this mandatory exception in CAFA, the court compared its facts to a Ninth Circuit case, shedding light on the purpose and intent of CAFA. The court quoted:

We see nothing in CAFA that indicates a congressional intention to turn a jurisdictional determination concerning the local defendant's 'alleged conduct' into a mini-trial on the merits of the plaintiff's claims.) New York citizens suing a New York company for injuries caused in New York by alleged wrongdoing under New York law in New York. In enacting the local controversy exception, Congress made clear that such a suit should not be litigated in federal court. It is not for this Court to second guess Congress's judgment. Coleman v. Estes Express Lines, Inc, 631 F.3d 1010, 1020 (9th Cir. 2011)

Though CAFA expands diversity jurisdiction for class and mass actions, established rules of jurisdiction, firmly rooted in principles of federalism and the rule of law, have not been thrown out the window. CAFA recognizes that. This court should apply such construal of CAFA to Camilo's action: New York State plaintiffs are suing New York organizations under a New York law. The case must be remanded to New York Supreme Court.

### C. Even if, Arguendo, The Local Controversy Exception is not Satisfied, in the Interests of Justice and based on the Totality of the Circumstances, this Court Should Remand the Action to New York State Supreme Court

In the rare event that the Defendants convince this court that less than two thirds of the Plaintiff class are not citizens of New York, CAFA still compels this court to Remand to New York Supreme Court. The discretionary exception tells federal courts that in the interests of justice and looking at the totality of the circumstances, the exercise of federal jurisdiction may be declined

over a class action where greater than one-third of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(3)

First, the Black Car Fund constitutes a "primary defendant" under this provision. While, the term "primary defendant" is not expressly defined in CAFA, case law provides that a defendant meeting one of several criteria, may be a primary defendant. *Brook v. United Health Group Inc*, 2007 U.S. Dist . LEXIS 73640, 2007 WL 2827808, at *5. For example, the primary defendant may be: the defendant who has the greater liability exposure; the one who is most able to satisfy the judgment; the one who is sued directly, as opposed to vicariously; or the one who is the subject of a significant position of the claims asserted by plaintiffs. *Id.*

In *Sorrentino v ASN Roosevelt Ctr., LLC,* the federal court found that the defendant who was a citizen of the action in which the state was originally filed, was a primary defendant because the defendant was sued directly in the action, and not as a vicarious capacity . 588 F Supp 2d 350 [EDNY 2008]. Here, the Black Car Fund easily satisfies the primary defendant requirement. Like in *Sorrentino,* the Black Car Fund is also being sued directly, not vicariously. Also, hough the Black Car Fund may not be most able to satisfy the judgment (Uber is the behometh here), based on the argument outlined in the "local controversy" argument section, the Black Car Fund is the subject of a significant portion of the claims asserted by plaintiffs.

Lastly, in the interests of justice and looking at the totality of the circumstances, federal courts conduct a balancing test of the listed factors to determine whether to decline the exercise of jurisdiction. *Id.* The factors are: (A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; and (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the

defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed. 28 U.S.C. § 1332(d)(3). Not each factor must be met.

In Sorrentino, the court found that Remand was in the interests of justice where three of the six factors were met and found that the factors weighed in favor of remand. In our case, at least three of the factors also weigh in favor of remand. First, the claims asserted do not involve matters of national or interstate interest. The claims deal with allocation of funds under a New York Worker's Compensation scheme. They only affect drivers in New York State. It does not matter that Uber is a national company employing taxi drivers in other states. Size cannot be used as a grounds for invoking federal jurisdiction whenever an organization pleases. Second, the forum has a distinct nexus with the class members, the alleged harm, or the defendants. New York has a nexus to the class members as all of the members worked in New York and were covered under a New York Workers' Compensation scheme; the alleged harm, tampering with the Workers' Compensation fund also has a nexus to the state. Third, the number of citizens of New York is substantially larger than the number of citizens of any other state. Therefore, this court should find that the interests of justice weight in favor of granting this Motion to Remand.

## CONCLUSION

Therefore, based on the aforementioned this Court Should Remand the Action to New York Supreme Court, New York County.

Dated: January 2, 2018
      Bronx, New York

                                                */s/ Joseph A. Romano, Esq.*
                                                Counsel for Plaintiff
                                                Law Offices of Joseph A. Romano, P.C.
                                                1776 Eastchester Rd, Suite 210
                                                Bronx, NY 10461
                                                (914)-339-2605