UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUSTAVO CAMILO, individually, and on behalf of
others similarly situated,

                    Plaintiff,

            -against-

UBER TECHNOLOGIES, INC., UBER LOGISTIK,
LLC, UBER USA LLC, ACHT-NY, LLC,
ACHTZEHN-NY, LLC, DANACH-NY, LLC,
DREIST-NY, LLC, DREIZEHN-NY, LLC,
DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY,
LLC, EINUNDZWANZIG- NY, LLC, FUNF-NY,
LLC, FUNFZEHN-NY LLC, GRUN, LLC,
HINTER, LLC, NEUN-NY, LLC, NEUNZEHN-
NY, LLC, SCHMECKEN, LLC, SECHS-NY, LLC,
SIEBEN-NY, LLC, SIEBZEHN-NY, LLC, UNTER,
LLC, VIER-NY, LLC, VIERZEHN-NY, LLC,
WEITER, LLC, ZEHN-NY, ZWANZIG-NY LLC,
ZWEI-NY, LLC, ZWOLF-NY, LLC, THE BLACK
CAR FUND, BLACK CAR ASSISTANCE
CORPORATION and NEW YORK BLACK CAR
OPERATORS INJURY COMPENSATION FUND,
INC., RASIER, LLC, BRAINTREE
TECHNOLOGY SOLUTIONS, LLC and
BRAINTREE PAYMENT SOLUTIONS, LLC
jointly and severally,

                    Defendants.

**Civil Action No.: 17-cv-9508**

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

David M. Wirtz
Andrew M. Spruchise
Kevin R. Vozzo
Maayan Deker
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Tel:  212.583.9600
*Attorneys for Defendants*

TABLE OF CONTENTS

PAGE

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.     RELEVANT FACTUAL & PROCEDURAL BACKGROUND ..................................... 1

        A.      The *Camilo* Action............................................................................. 1

        B.      The earlier-filed *Ortega*, *Haider*, and *NYTWA* Actions........................................ 2

                1.      The *Ortega* Action ................................................................ 2

                2.      The *Haider* Action ................................................................ 3

                3.      The *NYTWA* Action................................................................ 4

III.    PLAINTIFF FAILS TO ESTABLISH AN EXCEPTION TO CAFA............................. 4

        A.      The narrow "local controversy" exception does not apply ..................... 5

                1.      Plaintiff fails to demonstrate that two-thirds of the members of the
                        proposed class were citizens of New York State ...................................... 6

                2.      Plaintiff fails to demonstrate that any defendants whose alleged
                        conduct forms a significant basis for the claims averred are citizens
                        of New York State ................................................................. 8

                3.      Multiple class actions have been filed within the last three years
                        asserting similar, if not identical, factual allegations................................ 9

        B.      The discretionary abstention exception to CAFA is also unavailable in this
                case.................................................................................... 12

                1.      Class members' citizenship remains unclear ........................................... 12

                2.      At least one "primary defendant" is not a citizen of New York
                        State.................................................................................. 12

                3.      The totality of the circumstances warrants against application of
                        the discretionary exception ..................................................... 15

IV.     CONCLUSION.................................................................................... 17

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anthony v. Small Tube Mfg. Corp.*,
    535 F. Supp. 2d 506 (E.D. Pa. 2007) ....................................................................13

*Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*,
    592 F. Supp. 2d 522 (S.D.N.Y. 2008) ....................................................................8

*Blockbuster, Inc. v. Galeno*,
    472 F.3d 53 (2d Cir. 2006) ....................................................................................14

*Brook v. UnitedHealth Group, Inc.*,
    2007 U.S. Dist. LEXIS 73640 (S.D.N.Y. Sept. 28, 2007) ...........................6, 11, 13

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014) .............................................................................................4

*Dutcher v. Matheson*,
    840 F. 3d 1183 (10th Cir. 2016) .......................................................................13, 14

*Evans v. Walter Indus., Inc.*,
    449 F.3d 1159 (11th Cir. 2006), *rehearing en banc denied sub nom. Evans v.*
    *Huron Valley Steel Corp.*, 449 F.3d 1159 (11th Cir. 2006) .................................6, 8

*Giannini v. Northwestern Mut. Life Ins. Co.*,
    2012 U.S. Dist. LEXIS 60143 (N.D. Cal. Apr. 30, 2012) ....................................10

*Gold v. New York Life Ins. Co.*,
    153 A.D.3d 216 (1st Dep't 2017) ..........................................................................16

*Hart v. Rick's NY Cabaret Int'l., Inc.*,
    967 F. Supp. 2d 955 (S.D.N.Y. 2014) ....................................................................7

*Henry v. Warner Music Group Corp.*,
    2014 U.S. Dist. LEXIS 39309 (S.D.N.Y. Mar. 21, 2014) .....................................16

*Hollinger v. Home State Mut. Ins. Co.*,
    654 F.3d 564 (5th Cir. 2011) ..................................................................................5

*Jadeja v. Redflex Traffic Sys., Inc.*,
    2010 U.S. Dist. LEXIS 130248 (N.D. Cal. Nov. 22, 2010) ..................................10

*Mason v. Lockwood, Andrews & Newnam, P.C.*,
   842 F.3d 383 (6th Cir. 2016) ..................................................................5

*McCracken v. Verisma Sys.*,
   2017 U.S. Dist. LEXIS 73666 (W.D.N.Y. May 15, 2017) ....................13

*McMorris v. TJX Cos.*,
   493 F. Supp. 2d 158 (D.Mass. 2007) ....................................................7

*New York Taxi Workers Alliance v. Uber Techs., Inc.*,
   Case No. 1:16-cv-08299 (S.D.N.Y.) .......................................................4

*Nichols v. Progressive Direct Ins. Co.*,
   2007 U.S. Dist. LEXIS 28689 (E.D. Ky. Mar. 31, 2007) .....................8

*Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*,
   655 F.3d 358 (5th Cir. 2011) ................................................................8

*Patterson v. Raymours Furniture Co., Inc.*,
   659 Fed. Appx. 40 (2d Cir. Sept. 2, 2016) (Summary Order) ...............16

*Ramirez v. Oscar de la Renta, LLC*,
   2017 U.S. Dist. LEXIS 72781 (S.D.N.Y. May 12, 2017) ...................5, 6

*Robinson v. Cheetah Transp.*,
   2006 WL 3322580 (W.D. La. Nov. 14, 2006).......................................12

*Romano v. Northrop Grumman Corp.*,
   2017 U.S. Dist. LEXIS 206715 (E.D.N.Y. Dec. 15, 2017) ...................16

*Simmons v. Ambit Energy Holdings, LLC*,
   2014 U.S. Dist. LEXIS 139016 (S.D.N.Y. Sep. 30, 2014).....................9

*Sorrentino v. ASN Roosevelt Ctr.*,
   LLC, 588 F. Supp. 2d 350 (E.D.N.Y. 2008).........................................15

*In re Sprint Nextel Corp.*,
   593 F.3d 669 (7th Cir. 2010) ................................................................5

*Summerhill v. Terminix, Inc.*,
   2008 U.S. Dist. LEXIS 91939 (E.D. Ark. Oct. 30, 2008) ....................11

*Sutherland v. Ernst & Young, LLP*,
   726 F.3d 290 (2d Cir. 2013)..................................................................16

*Vodenichar v. Halcon Energy Props.*,
   733 F.3d 497 (3d Cir. 2013)..................................................................5

*Westerfield v. Indep. Processing, LLC,*
 621 F.3d 819 (8th Cir. 2010) ...................................................................................6

**Statutes**

28 U.S.C. § 1332(c)(1)...............................................................................................14

28 U.S.C. § 1332(d)(3) ........................................................................................12, 15

28 U.S.C. § 1332(d)(4)(A) ..........................................................................................6

28 U.S.C. § 1332(d)(4)(B) .........................................................................................15

I.      **PRELIMINARY STATEMENT**

Plaintiff Gustavo Camilo falls far short of meeting his burden to prove that an exception to the Class Action Fairness Act of 2005 ("CAFA") applies in this case.  Plaintiff rests his motion on the statute's local controversy and discretionary abstention exceptions, but he fails to establish several necessary elements of each.

By way of example, Plaintiff's moving papers are devoid of any competent evidence reflecting the citizenship of putative class members.  In addition, while Plaintiff contends he is not aware of any other cases with similar allegations, in fact several putative class actions with substantially similar, if not identical, claims and allegations have been filed against Defendants[1] within the last three-years.  Indeed, Plaintiff's pleadings include several pages of allegations *copied verbatim* from the complaints in earlier-filed cases that were, or now are, pending before this Court.  For these reasons, and those set forth below, Plaintiff's motion should be denied.

II.     **RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

A.      **The *Camilo* Action**

Plaintiff commenced this case (the "*Camilo* Action") in the Supreme Court of the State of New York, County of New York, on or around October 20, 2017.  In his initial Complaint, Plaintiff asserted several causes of action against Uber Technologies, Inc. ("Uber") and its subsidiaries, including: (i) unlawful deductions under the New York Labor Law ("NYLL") § 193; (ii) breach of contract; (iii) fraud; and (iv) unjust enrichment.  (Compl., ¶¶ 130-219.)

---

[1] For purposes of this opposition, the term "Defendants" refers to Uber Technologies, Inc., Uber Logistik, LLC, Uber USA, LLC, Acht-NY, LLC, Achtzehn-NY, LLC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig-NY, LLC, Funf-NY, LLC, Funfzehn-NY LLC, Grun, LLC, Hinter, LLC, Neun-NY, LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC, Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-NY LLC, Zwei-NY, LLC, Zwolf-NY, LLC, and Rasier, LLC.

1

Plaintiff then filed an amended complaint on November 10, 2017 (the "Amended Complaint").  His Amended Complaint asserted the claims listed above, adding a claim for breach of fiduciary duty and also naming additional defendants, including the Black Car Fund, the Black Car Assistance Corporation and New York Black Car Operators Injury Compensation Fund, Inc. (the "Black Car Fund entities").  (Amend. Compl., ¶¶ 153-216, 238-242.)

Plaintiff's claims are premised upon the theory that Plaintiff and other independent transportation providers ("drivers") in New York who utilize Uber's software application to generate leads for riders are entitled to recover monies for Black Car Fund fees and sales tax that were charged to riders and allegedly "deducted … from driver earnings" in violation of the NYLL, and their written contracts with Uber and/or its subsidiaries.  (Amend. Compl., ¶¶ 65, 132, 194, 212.)

More specifically, Plaintiff asserts that "[t]he Agreements plainly did not permit Uber to take the taxes and BCF surcharge amounts entirely from the Driver's portion, on top of the Service Fee that Uber states will be the only deduction from Driver-earned fares."  (Amend. Compl., ¶ 177.)  Plaintiff also alleges that "by deducting sales tax and BCF amounts from Driver earnings, Uber and its subsidiary Black Car bases made unlawful deductions from Plaintiffs' [sic] wages."  (*Id.* at ¶ 194.)  Plaintiff seeks to represent all drivers in New York who have not exercised their right to opt-out of arbitration.  (*Id.* at ¶¶ 1, 133, 140, 154.)  Plaintiff was not the first individual to assert such claims and allegations against Defendants.

**B.      The earlier-filed *Ortega*, *Haider*, and *NYTWA* Actions**

**1.      The *Ortega* Action**

*Ortega v. Uber Techs., Inc.*, Case No. 1:15-cv-07387 (NGG) (JO) (the "*Ortega* Action") was filed by plaintiffs Jose Ortega and Joce Martinez in the Eastern District of New York on December 29, 2015.  (*Ortega* Dkt. #1.)  In their first amended complaint, filed on April 25, 2016,

2

the *Ortega* plaintiffs asserted a breach of contract claim against Uber Technologies, Inc., Rasier, LLC, and Uber USA, LLC – all of which are named defendants in the *Camilo* Action – premised upon the theory that Uber and its subsidiaries: (i) included sales tax and Black Car Fund fees "in the fare instead of calculating the fare net of such charges," allegedly causing drivers to "pay an inflated service fee contrary to their agreements with Uber;" and (ii) failed to remit taxes and fees, including sales tax and Black Car Fund fees to drivers. (*Ortega* Dkt. # 16, ¶¶ 132-33.) Plaintiff Ortega's breach of contract claim was dismissed from the case, but he later requested leave from the court to amend his complaint and reinstate the claim. (*Id.*, Dkt. # 44.)

### 2.    The *Haider* Action

*Haider v. Uber Techs, Inc.,* Case No. 16-cv-4098 (AKH) (the "*Haider* Action") was filed against Uber and its subsidiaries in this Court on June 2, 2016. (*Haider* Dkt. #1.)  The *Haider* plaintiffs amended their complaint on several occasions, but have at all times asserted that they are entitled to recover Black Car Fund fees and sales tax allegedly deducted from their earnings in violation of the NYLL and in breach of their contracts with Uber and/or its subsidiaries. (*Haider* Dkt. # 1, 17, 44, 57.)  Just like Plaintiff Camilo, the *Haider* plaintiffs assert that: (i) "[t]he Agreements plainly did not permit Uber to take the taxes and BCF surcharge amounts entirely from the Driver's portion, on top of the Service Fee that Uber states will be the only deduction from Driver-earned fares," and (ii) "by deducting sales tax and BCF amounts from Driver earnings, Uber and its subsidiary Black Car bases made unlawful deductions from Plaintiffs' wages." (*Haider* Dkt. # 1, ¶¶ 366-68.)

The *Haider* plaintiffs initially filed suit on behalf of all drivers in New York, including those drivers who were bound by arbitration agreements with Uber and its subsidiaries. (*Haider* Dkt. # 1, ¶¶ 1, 422, 427-431.)  After Uber and its subsidiaries moved to compel certain plaintiffs to submit their claims to individual arbitration, those plaintiffs withdrew their claims, and the

remaining *Haider* plaintiffs redefined their class definition to cover only drivers who exercised their right to opt-out of arbitration.  (*Haider* Dkt. # 17, ¶¶ 398, 415.)  The *Haider* Action remains pending before this Court.

### 3.    The *NYTWA* Action

On October 24, 2016, the plaintiffs who had withdrawn their claims from the *Haider* Action filed a nearly identical suit, asserting virtually identical claims and allegations against Uber and its subsidiaries, in the Southern District of New York. *See New York Taxi Workers Alliance v. Uber Techs., Inc.*, Case No. 1:16-cv-08299 (S.D.N.Y.) (the "*NYTWA* Action"). (*See NYTWA* Dkt. # 1.)  The plaintiffs in the *NYTWA* Action filed suit on behalf of themselves and all drivers in New York, without regard to the drivers' opt-out status.  (*Id.*, ¶¶ 391, 396.)  The *NYTWA* Action was assigned to this Court given its relation to the *Haider* Action, and it was subsequently dismissed without prejudice.  (*Id.*, Dkt. # 13.)

## III.    PLAINTIFF FAILS TO ESTABLISH AN EXCEPTION TO CAFA

Plaintiff does not dispute that the *Camilo* Action was timely removed from state court. Nor does he dispute that: (i) the proposed class contains at least 100 members; (ii) the primary defendants are not states, state officials, or other governmental entities; (iii) there is minimal diversity, insofar as he concedes his citizenship differs from at least one defendant; and (iv) the amount in controversy exceeds five-million dollars.  Thus, this Court's jurisdiction under CAFA is presumptively appropriate.  *See generally*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required … only when the plaintiff contests, or the court questions, the defendant's allegation").

Although the Second Circuit has not yet opined on the burden of proof needed to establish an exception to CAFA jurisdiction, "[o]ther circuits and several district courts in the

4

Second Circuit … appear to agree" that the party seeking remand bears the burden of establishing each element of the exception by a preponderance of the evidence. *Ramirez v. Oscar de la Renta, LLC*, 2017 U.S. Dist. LEXIS 72781, *19-20 (S.D.N.Y. May 12, 2017) (applying preponderance of the evidence standard and citing cases); *see also Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388 (6th Cir. 2016) ("The parties and every circuit to have addressed this issue all agree that the party seeking to remand under an exception to CAFA bears the burden of establishing each element of the exception by a preponderance of the evidence"); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (local controversy and home state exceptions require proof by a preponderance of the evidence that the two-thirds citizenship element is met); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (same as to home state exception); *Vodenichar v. Halcon Energy Props.*, 733 F.3d 497, 503 (3d Cir. 2013).  Plaintiff fails to meet his burden here.

A.     **The narrow "local controversy" exception does not apply**

Plaintiff first contends that remand is required under the "local controversy" exception to CAFA.  A party seeking remand based on this exception must show, by a preponderance of the evidence, that:

> (i) greater than two-thirds of the members of the proposed plaintiff classes in the aggregate were citizens of the state in which the action was originally filed at the time the complaint or amended complaint was filed;
>
> (ii) at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed class, and who is a citizen of the state in which the action was originally filed;
>
> (iii) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and

(iv) during the three year period preceding the filing of the action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A); *Ramirez*, 2017 U.S. Dist. LEXIS 72781, at *19-20 (applying preponderance of evidence standard).

The local controversy exception is narrowly construed, and any doubts must be resolved in favor of federal jurisdiction. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006), *rehearing en banc denied sub nom. Evans v. Huron Valley Steel Corp.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'"); *Westerfield v. Indep. Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010) ("the party bearing the burden of proof is not entitled to the benefit of the doubt.  On remand, the District court should resolve any doubt about the applicability of CAFA's local-controversy exception against [] the party who seeks remand and the party who bears the burden of establishing that the exception applies."); *Brook v. UnitedHealth Group, Inc.*, 2007 U.S. Dist. LEXIS 73640, at *15 (S.D.N.Y. Sept. 28, 2007) (quoting *Evans*).

### 1.     Plaintiff fails to demonstrate that two-thirds of the members of the proposed class were citizens of New York State

Plaintiff's motion founders out of the gate because his assertion that two-thirds of the members of the proposed class were citizens of New York State as of the relevant dates is pure speculation.  Specifically, based upon data allegedly obtained from "NY Taxi NYC Open Data," Plaintiff asserts that "approximately 51,268 of the 66,513 [putative class members] are individual New York State Taxi Drivers with their own New York State registered vehicles."  (Camilo Declaration, ¶ 7.)  This is woefully insufficient.

6

Plaintiff fails to explain *how* this data was obtained, *when* it was obtained, or *who* obtained it.  Plaintiff likewise fails to identify when the database from which the data was pulled was last updated, or verify that the drivers falling within these groups would qualify as class members based upon his class definition, which is restricted to drivers who elected not to exercise their right to opt-out of arbitration.  Finally, Plaintiff appears to assume that every driver who owns or operates a vehicle registered in New York State would necessarily qualify as a citizen of New York State for purposes of CAFA, which is both speculative and almost certainly incorrect as a matter of fact.

These shortcomings are fatal to Plaintiff's reliance upon the local controversy exception.  Indeed, courts have denied motions to remand where far more reliable data regarding class member citizenship was provided.  In *Hart v. Rick's NY Cabaret Int'l., Inc.*, 967 F. Supp. 2d 955, 964 (S.D.N.Y. 2014), for example, the court rejected the defendants' reliance upon class members' last-known addresses for purposes of proving citizenship.  The court noted that the records were "not directed squarely to the issue of *citizenship*" but instead "capture[d] the last-known address given by a [class member] at the time she worked" for defendants, which "provide[d] only limited insight into whether the [class member] intended to make New York her permanent home."  *Id*.  The court also found that the records did not "speak to the [class members'] citizenship as of the critical dates" because class members could have "moved or changed their state citizenship, before the filing of the Complaint or TAC."  *Id.* at 964-65.

Here too, Plaintiff's data is neither directed to the issue of citizenship, nor reflective of citizenship as of the relevant dates.  Plaintiff's motion should be denied on this basis alone.  *See Hart*, 967 F. Supp. 2d at 964-65; *see also McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 162-64 (D.Mass. 2007) (home state exception to CAFA did not apply where only bare assertion of class

member citizenship provided); *Nichols v. Progressive Direct Ins. Co.*, 2007 U.S. Dist. LEXIS 28689, at *10 (E.D. Ky. Mar. 31, 2007) (when a proposed class period spans several years, it is "sheer speculation" to conclude putative class members "remained citizens of the state").

> **2.** **Plaintiff fails to demonstrate that any defendants whose alleged conduct forms a significant basis for the claims averred are citizens of New York State**

CAFA does not provide guidance for courts to apply in determining whether any given defendant is a "significant defendant" under the statute.  However, in evaluating this element of the local controversy exception, district courts typically require that a defendant's conduct be "significant in relation to the conduct alleged against other defendants in the complaint, and that 'the relief sought against that [particular] defendant is a significant portion of the entire relief sought by the class.'"  *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 528 (S.D.N.Y. 2008).

In *Ava Acupuncture P.C.*, the court found the plaintiffs had failed to identify a "significant" local defendant because, among other things, the plaintiffs merely alleged that the local defendants engaged in many of the same practices as the out-of-state defendant, and any conduct unique to the local defendants appeared to be "less significant than or no different from the alleged misconduct against" the out-of-state defendant.  592 F. Supp. 2d at 532; *see also Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 362 (5th Cir. 2011) (plaintiff did not meet burden of showing that the local defendant's conduct formed a significant basis of the plaintiff's claims because the complaint did not  quantify or estimate the defendant's alleged wrongdoing versus that of the non-local defendant); *Evans*, 449 F.3d at 1167-68 (11th Cir. 2006) (plaintiffs failed to provide facts proving that certain defendants were significant).

Likewise here, Plaintiff fails to establish that the Black Car Fund, or Unter, LLC ("Unter"), qualify as "significant defendant[s]" under CAFA.  First, the crux of Plaintiff's

Amended Complaint is indisputably alleged conduct by Uber, an out-of-state defendant. (Amend. Compl. ¶¶ 15-17, 20-21, 24.)  Although Plaintiff asserts that the Black Car Fund acted "in conjunction" with Uber, his claims and allegations suggest that the Black Car Fund's alleged involvement was of little relative significance.  In fact, Plaintiff appears to only assert a single claim against the Black Car Fund (*i.e.*, breach of fiduciary duty), premised entirely on allegations of Uber's purported misconduct, and he fails to quantify or estimate the Fund's relative liability.[2]

As for Unter, Plaintiff fails to provide any proof of its citizenship for purposes of CAFA other than the unsupported assertions in his declaration.[3]  Plaintiff also fails to explain how the alleged conduct of Unter – which Plaintiff contends is but **one** of Uber's "**28** wholly owned subsidiaries … [that] operate an FHV base" in New York (Amend. Compl., ¶¶ 60, 66-67 (emphasis supplied)) – is "significant" in relation to the conduct alleged against Uber, or the dozens of other Uber subsidiaries named as defendants in the lawsuit.  Given these deficiencies, Plaintiff fails to satisfy the "significant defendant" element of the local controversy exception.

### 3. Multiple class actions have been filed within the last three years asserting similar, if not identical, factual allegations

The final element of the local controversy exception requires the party seeking remand to prove that no other class action asserting the same or similar factual allegations against any defendant was filed during the three years preceding the filing of the removed action.  Where an earlier-filed class action shares the same "core factual allegations" as the removed action, the

---

[2] *Simmons v. Ambit Energy Holdings, LLC*, 2014 U.S. Dist. LEXIS 139016 (S.D.N.Y. Sep. 30, 2014) is of no help to Plaintiff.  In that case, the plaintiff sought relief *equally* from the local and out-of-state defendants, and "without [the local defendant], there would [have] be[en] no basis for many, if not all, of the claims in th[e] case."  *Id.* at *18.  The opposite is true here, as Plaintiff's allegations make clear there would be no basis for his claims without Uber, an out-of-state defendant.

[3] Plaintiff also fails to offer any proof of the Black Car Fund entities' citizenship other than the unsupported assertions in his declaration.

local controversy exception does not apply.  *See Jadeja v. Redflex Traffic Sys., Inc.*, 2010 U.S. Dist. LEXIS 130248, *7-8 (N.D. Cal. Nov. 22, 2010).  "[T]he plain text of the statute establishes that the requirement is concerned with whether the complaints had the same or similar factual allegations, not whether they had the same or similar causes of action or legal theories." *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *17-18 (N.D. Cal. Apr. 30, 2012).

In this case, Plaintiff's cavalier assertion that "no other class action has been filed asserting the same or similar factual allegations against any of the defendants" (Pl. Mtn., p. 5) should be summarily rejected.  Similar factual allegations, theories, and claims were first asserted in the *Ortega* Action in December 2015.  As stated above, the *Ortega* plaintiffs assert a breach of contract claim premised upon the theory that Uber and its subsidiaries: (i) included sales tax and Black Car Fund fees "in the fare instead of calculating the fare net of such charges," allegedly causing drivers to pay an inflated service fee contrary to their agreements with Uber and/or its subsidiaries; and (ii) failed to remit taxes and fees, including sales tax and Black Car Fund fees to drivers.  (*Ortega* Dkt. # 16, ¶¶ 132-33.)

Similar claims and allegations were raised a second time in June 2016 in the *Haider* Action.  Like Plaintiff Camilo, the *Haider* plaintiffs allege they are entitled to recover Black Car Fund fees and sales tax allegedly deducted from their earnings in violation of the NYLL,[4] and in breach of their contracts with Uber and/or its subsidiaries.  (*Haider* Dkt. # 1, 17, 44, 57.)  A few months after the *Haider* Action was filed, a nearly identical lawsuit (*i.e.*, the *NYTWA* Action), with virtually identical claims and allegations, was filed by several plaintiffs who had withdrawn

---

[4] An additional putative class action against Uber asserting wage and hour claims under the NYLL was filed in September 2015, and removed to the U.S. District Court for the Eastern District of New York in October 2015.  *See Ogunmokun v. Uber Techs., Inc.*, Case 1:15-cv-06143-NGG-JO.  That case was dismissed in October 2017.  (*Ogunmokun* Dkt. # 63.)

their claims from the *Haider* Action.  (*NYTWA* Dkt. # 1.)

Plaintiff cannot plausibly deny familiarity with these cases.  Not only does he seek to pursue many of the ***same claims***, against ***dozens of overlapping defendants***, based upon the ***same legal theories*** asserted in the *Haider* and *NYTWA* Actions, but his pleadings include several pages of allegations ***copied verbatim*** from the complaints in those cases.  (*Compare, for example, Amend. Compl.* pp. 10-19 and *Haider* Dkt. # 1, pp. 12-22, *and see e.g. Amend. Compl.* ¶¶ 31-37, 177, 194, with *Haider* Dkt. # 1, ¶¶ 187-196, 366-68.)   Moreover, this case was designated as "related" to the *Haider* Action, and assigned to this Court, just like the earlier-filed *NYTWA* Action.  (Dkt. # 4; *NYTWA* Dkt. # 4.)

To the extent Plaintiff contends his case is unique, because he only seeks to represent drivers who elected not to exercise their right to opt-out of arbitration, he misses the mark.  First, as stated above, the *Haider* plaintiffs originally sought to represent *all* drivers in New York (*Haider* Dkt. # 1, ¶¶ 1, 422, 427-431), and the *NYTWA* plaintiffs—though the case was ultimately dismissed—never limited their class definition to individuals who had opted-out of arbitration. (*NYTWA* Dkt. # 1, ¶¶ 391, 396.)

Second, the fact that an earlier-filed action involves different class members is irrelevant. This is because so long as the earlier-filed action contains similar factual allegations against a common defendant, the local controversy exception is inapplicable. *See Brook*, 2007 U.S. Dist. LEXIS 73640 at *14-16 (finding earlier filed Connecticut state law action on behalf of Connecticut physicians was "essentially the same" as action filed on behalf of New York physicians); *Summerhill v. Terminix, Inc.*, 2008 U.S. Dist. LEXIS 91939, at *6-7 (E.D. Ark. Oct. 30, 2008) (finding earlier filed California state law class action regarding manner in which contractual termite services were provided to California customers was "fatal to the application

11

of [local controversy] exception" in similar action brought on behalf of Arkansas customers under Arkansas state law).

In sum, Plaintiff is far from first in line. Because several cases with substantially similar allegations and claims have been filed against Defendants within the last three years, Plaintiff cannot satisfy the final element of the local controversy exception.

**B.     The discretionary abstention exception to CAFA is also unavailable in this case**

Plaintiff next asserts that the Court should remand this case under the discretionary exception to CAFA. Under the discretionary exception, a district court may decline to exercise jurisdiction where the party seeking remand proves that more than one-third, but less than two-thirds, of the purported class members, *and* the primary defendants, were citizens of the state in which the action originally was filed, as of the relevant dates. 28 U.S.C. § 1332(d)(3). Plaintiff's motion fails on both counts.

**1.     Class members' citizenship remains unclear**

Plaintiff cannot satisfy the first element of the discretionary exception because, as discussed above, he fails to offer any competent evidence reflecting the citizenship of members of the putative class as of the dates on which his complaint and amended complaint were filed.

**2.     At least one "primary defendant" is not a citizen of New York State**

Even if Plaintiff had offered sufficient evidence of class members' citizenship, the discretionary exception would still be of no help to him, because at least one "primary defendant" in this case is not a citizen of New York State.

Under CAFA, the term "[p]rimary defendants" refers to "those defendants who are the real 'targets' of a lawsuit", or those defendants who are "allegedly liable to the vast majority of the proposed" class members. *Robinson v. Cheetah Transp.,* 2006 WL 3322580, *2 (W.D. La.

Nov. 14, 2006).

Based on "the statute's use of the phrase 'the primary defendants' rather than 'a primary defendant,'" remand is only appropriate "when all of the primary defendants are residents of the same state in which the action was originally filed." *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007); *see also Brook*, 2007 U.S. Dist. LEXIS 73640, at *22 ("The plain language of the home state controversy section demonstrates that Congress intended that the State citizen requirement pertain to all primary defendants"); *McCracken v. Verisma Sys.,* 2017 U.S. Dist. LEXIS 73666, *9 (W.D.N.Y. May 15, 2017) (denying remand where at least one of three "primary defendants" who faced direct liability was a non-domiciliary of the home state).  This principle applies equally to both the "home state" and the discretionary abstention exceptions.  *Dutcher v. Matheson*, 840 F. 3d 1183, 1194 (10th Cir. 2016) (finding that both the home state and discretionary exceptions to CAFA require a showing that ***all*** of the primary defendants are citizens of the state in which the action was originally filed).

In this case, Plaintiff misconstrues the governing legal standard, and asserts that the discretionary exception is available merely because at least ***one*** allegedly local defendant, "the Black Car Fund[,] constitutes a 'primary defendant.'" (Pl. Mtn. p. 9.)  The assertion that the Black Car Fund is a "primary defendant" is questionable at best.  As stated above, not only do the allegations of the Amended Complaint clearly revolve around Uber's alleged conduct, but the Black Car Fund was not even a named defendant in the initial Complaint in this case, and Plaintiff appears to only assert a single claim against the Black Car Fund.

However, even assuming Plaintiff were able to meet his burden of proof to show that the Black Car Fund is a "primary defendant," its status as such would be insufficient.  This is because Plaintiff must establish that ***all*** primary defendants are citizens of New York State (*see,*

*e.g., Dutcher*, 840 F. 3d at 1194); something he cannot do.

It is undisputed that Uber is incorporated in Delaware, and maintains its principal place of business in California.  (*See* Pl. Mtn. p. 6 [conceding that "Uber is a citizen of Delaware"]; Amend. Compl. ¶ 48 [asserting that "Uber Technologies, Inc. … is a Delaware corporation … [with] its headquarters at 1455 Market Street, 4th Floor, San Francisco, CA 94103"]; Dkt. # 1, Ex. G, Declaration of Chad Dobbs in Support of Defendants' Removal of Civil Action from State Court, ¶ 2 ["Uber is a privately held corporation incorporated in the State of Delaware.  Its headquarters and principal place of business is in San Francisco, California.  Uber's primary administrative and financial functions, including human resources, benefits and payroll, are all managed at Uber's headquarters in San Francisco."].)  Accordingly, Uber is a citizen of Delaware and California, and not New York, for purposes of CAFA jurisdiction.  *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) (discussing parameters for determining citizenship of corporation for purposes of CAFA jurisdiction); 28 U.S.C. § 1332(c)(1).

In addition, Plaintiff all but concedes – as he must – that Uber is a primary defendant in this case.  (*See* Pl. Mtn. p. 6 [noting that "Uber may have been an ultimate source of the wrongdoing"]; p. 7 ["Behind each wrongdoing by Uber, was a wrongful failure to act by the Black Car Fund"]; p. 9 ["Uber is the behometh" [sic] that will be most able to satisfy a judgment].)  Indeed, when Plaintiff first initiated this lawsuit, the Black Car Fund entities were not even named as defendants.  Further, all of the claims in the action are premised upon the central allegation that Uber and its wholly-owned subsidiaries unlawfully deducted Black Car Fund fees and sales tax from drivers' earnings.

Plaintiff cannot deny that Uber is a primary, out-of-state defendant.[5]   Accordingly, the discretionary exception is not available to him.[6]

### 3.     The totality of the circumstances warrants against application of the discretionary exception

Plaintiff correctly notes that when the party seeking remand establishes the elements of the discretionary exception, district courts must consider several different factors in deciding whether to decline to exercise jurisdiction.  Specifically, courts consider: (i) whether the claims asserted involve matters of national or interstate interest; (ii) whether the claims will be governed by the laws of the state in which the action was filed; (iii) whether the case was pleaded in a manner that seeks to avoid federal jurisdiction; (iv) whether the original forum had a distinct nexus with class members, the alleged harm, or the defendants; (v) whether the number of putative class members who were citizens of the state in which the action was originally filed is substantially larger than the number of class members from other states, and the citizenship of other class members is dispersed among a substantial number of states; and (vi) whether other class actions asserting the same or similar claims were filed during the three-year period preceding the filing of the case.  28 U.S.C. § 1332(d)(3).  Although the Court need not reach those factors here, they too weigh against application of the discretionary exception.

---

[5] *Sorrentino v. ASN Roosevelt Ctr.*, LLC, 588 F. Supp. 2d 350 (E.D.N.Y. 2008) is inapposite in part and wrongly decided in part.  There is no indication that any of the out-of-state defendants in that case were "primary defendants" in the action.  Further, to the extent the court found that the plaintiff only needed to prove that a single primary defendant was a citizen of New York, rather than that *all* primary defendants were citizens of New York, it erred as a matter of law.

[6] The home state exception, which Plaintiff has not invoked in this case, would also be of no help to him.  This exception only applies where the party seeking remand has proven that:  (i) two-thirds or more of the members of the proposed class were citizens of the state in which the action was originally filed, and (ii) the primary defendants were citizens of the state in which the action was originally filed, as of the relevant dates.  28 U.S.C. § 1332(d)(4)(B).  As stated above, Plaintiff fails to support his motion with competent evidence regarding class members' citizenship.  Plaintiff also effectively concedes that Uber is a "primary defendant" in the case.  Accordingly, the home state exception is inapplicable.

First, Plaintiff's allegations demonstrate that this case implicates national interests. Specifically, relying upon a decision issued by the First Department Appellate Division in *Gold v. New York Life Ins. Co.*, 153 A.D.3d 216 (1st Dep't 2017), Plaintiff asserts he cannot be ordered to arbitrate his claims on an individual basis.   (Amend. Compl., ¶¶ 213, 225-234.) However, the decision in *Gold* rests upon that court's interpretation of ***two federal statutes*** – *i.e.*, the Federal Arbitration Act (the "FAA"), and the National Labor Relations Act (the "NLRA"). Plaintiff's argument against arbitration therefore implicates matters of national interest.

Second, Plaintiff is evidently forum shopping, as demonstrated by: (i) his reliance upon *Gold*, which is directly at odds with Second Circuit jurisprudence interpreting the FAA and the NLRA (*see Sutherland v. Ernst & Young, LLP*, 726 F.3d 290, 297 n.8 (2d Cir. 2013); *Patterson v. Raymours Furniture Co., Inc*., 659 Fed. Appx. 40 (2d Cir. Sept. 2, 2016) (Summary Order)), and (ii) his decision to belatedly name the Black Car Fund entities as defendants in this case. *See generally Romano v. Northrop Grumman Corp.*, 2017 U.S. Dist. LEXIS 206715, at *15 (E.D.N.Y. Dec. 15, 2017) ("Against this backdrop, the amendment of the complaint, after removal of this action, to add the Town as a defendant gives rise to a strong suggestion of forum shopping. In other words, it appears that the sole reason for adding the Town was to assert the local controversy exception."); *Henry v. Warner Music Group Corp.*, 2014 U.S. Dist. LEXIS 39309, at *23-24 (S.D.N.Y. Mar. 21, 2014) (finding that remand "would not serve the interests of justice" because the plaintiff had "purposely sought to avoid federal jurisdiction").

Third, the citizenship of putative class members remains unclear.  Thus, this factor either weighs against remand, or is neutral.

Finally, as discussed above, multiple class actions with substantially similar, if not identical, claims and allegations have been filed against Uber and its subsidiaries within the

three-year period preceding the commencement of this case.  Accordingly, the totality of the circumstances warrants against application of the discretionary exception.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to remand in its entirety.

Respectfully submitted,

Date:    February 6, 2018
         New York, New York

_/s/ Andrew M. Spurchise_
David M. Wirtz
Andrew M. Spurchise
Kevin R. Vozzo
Maayan Deker
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600

_Attorneys for Defendants_
Uber Technologies, Inc., Uber Logistik, LLC, Uber USA, LLC, Acht-NY, LLC, Achtzehn-NY, LLC, Danach-NY, LLC, Dreist-NY, LLC, Dreizehn-NY, LLC, Drinnen-NY, LLC, Eins-NY, LLC, Elf-NY, LLC, Einundzwanzig-NY, LLC, Funf-NY, LLC, Funfzehn-NY LLC, Grun, LLC, Hinter, LLC, Neun-NY, LLC, Neunzehn-NY, LLC, Schmecken, LLC, Sechs-NY, LLC, Sieben-NY, LLC, Siebzehn-NY, LLC, Unter, LLC, Vier-NY, LLC, Vierzehn-NY, LLC, Weiter, LLC, Zehn-NY, Zwanzig-NY LLC, Zwei-NY, LLC, Zwolf-NY, LLC, Rasier, LLC

17