UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUSTAVO CAMILO, individually, and on behalf of others similarly situated, <br><br> *Plaintiff*, <br><br> -against- <br><br> UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER USA LLC, ACHT-NY, LLC, ACHTZEHN-NY, LLC, DANACH-NY, LLC, DREIST-NY, LLC, DREIZEHN-NY, LLC, DRINNEN-NY, LLC, EINS-NY, LLC, ELF-NY, LLC, EINUNDZWANZIG- NY, LLC, FUNF-NY, LLC, FUNFZEHN-NY LLC, GRUN, LLC, HINTER, LLC, NEUN-NY, LLC, NEUNZEHNNY, LLC, SCHMECKEN, LLC, SECHS-NY, LLC, SIEBEN-NY, LLC, SIEBZEHN-NY, LLC, UNTER, LLC, VIER-NY, LLC, VIERZEHN-NY, LLC, WEITER, LLC, ZEHN-NY, ZWANZIG-NY LLC, ZWEI-NY, LLC, ZWOLF-NY, LLC, THE BLACK CAR FUND, BLACK CAR ASSISTANCE CORPORATION and NEW YORK BLACK CAR OPERATORS INJURY COMPENSATION FUND, INC., RASIER, LLC, BRAINTREE TECHNOLOGY SOLUTIONS, LLC and BRAINTREE PAYMENT SOLUTIONS, LLC jointly and severally, <br><br> *Defendants*. | Case No. 17-cv-9508-AKH |

### BLACK CAR DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT

Jeffrey M. Eilender
Bradley J. Nash
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
(212) 344-5400
*Attorneys for the Black Car Defendants*

February 12, 2018

Defendants Black Car Assistance Corporation ("BCAC") and New York Black Car

Operators' Injury Compensation Fund, Inc. (the "Black Car Fund") (together with the BCAC, the

"Black Car Defendants") submit this memorandum of law in opposition to Plaintiff's motion to

remand this Court to state court ("Remand Motion").  The Black Car Defendants join in the

opposition to the Remand Motion filed by the Uber Defendants (ECF Doc. No. 27) ("Uber

Opposition"), and hereby adopt and incorporate all the arguments made by the Uber Defendants.

The Black Car Defendants make the additional arguments set forth below, which further

demonstrate that the narrow exceptions to jurisdiction under the Class Action Fairness Act of

2005 ("CAFA") that Plaintiff invokes are inapplicable.

## INTRODUCTION

This is a copycat class action that follows on the heels of two other class actions against

Uber asserting the very same claims about alleged improper deductions from payments to

drivers.  Although Plaintiff's Amended Complaint largely tracks the pleadings in the earlier

cases (indeed, whole sections are lifted word-for-word), Plaintiff added two additional New York

Defendants in his Amended Complaint – the Black Car Fund and BCAC – alleging that they are

secondarily liable for failing to "prevent and/or discover," Uber's alleged wrongful deductions.

(Amend. Compl. ¶ 142).  Plaintiff's counsel evidently hoped that adding local parties would

support a motion to remand the case to state court.  However, for all the reasons set forth in the

Uber Defendants' opposition to the Remand Motion, and the additional reasons explained below,

Plaintiff's efforts to avoid the jurisdiction of this Court are unavailing.

As explained in the Uber Opposition, the narrow "local controversy" exception to CAFA

jurisdiction, 28 U.S.C. § 1332(d)(4)(A), requires the plaintiff to show (among other things) that

in the 3-year period prior to the filing of the lawsuit, "no other class action has been filed

asserting the same or similar factual allegations against any of the defendants on behalf of the

same or other persons." *Id.* § 1332(d)(4)(A)(ii).  Plaintiff asserts "upon information and belief"

that "no other class action has been filed asserting the same or similar factual allegations against

any of the defendants on behalf of NYS Uber drivers in the three years preceding the filing of

this action."  Remand Motion at 5.   But, as the Uber Opposition shows, this is manifestly untrue

– there were at least two class actions against Uber asserting the same core allegations

concerning alleged improper deductions brought in the three years prior to the filing of this

matter.  *See* Uber Opposition at 9-12.   Indeed, Plaintiff's Amended Complaint lifts whole

sections of the pleading from one of those earlier cases word-for-word.  *Id.* at 11.   For this

reason, and others identified in the Uber Opposition, Plaintiff's reliance on the local controversy

exception fails.

The other CAFA exception Plaintiff invokes – the so-called "discretionary exception," 28

U.S.C. § 1332(d)(3) – is inapplicable because it requires the plaintiff to demonstrate that *all* the

"primary defendants" are in-state parties.  Plaintiff obviously cannot satisfy that requirement,

since Defendant Uber Technologies, Inc. – indisputably a "primary defendant" in this action – is

a Delaware corporation with its principal place of business in San Francisco, California.  *See*

Uber Opposition 12-14.  Thus, the discretionary exception is likewise inapplicable.

Apart from the dispositive arguments set forth above, which require that Plaintiff's

motion to remand be denied, we write separately to further elaborate on an additional argument

for denying the motion.  As explained below, the Black Car Defendants do not constitute

"significant" local defendants necessary to invoke the local-controversy exception because (1)

the Amended Complaint does not assert a distinct claim against the Black Car Defendants, but

rather seeks to hold them secondarily liable for failing to prevent Uber from making the alleged

improper deductions; and (2) as explained in the Black Car Defendants' motion to dismiss, the

Amended Complaint fails to allege a plausible claim for relief against the Black Car Defendants

– and a party against whom the plaintiff fails to even state a claim cannot "as a matter of logic"

"be considered a 'significant' defendant." *Marconi v. Indiana Municipal Power Agency, ISC,*

*Inc.*, 2015 WL 4778528, at \*5 (N.D. Ill. Aug. 13, 2015).

## ARGUMENT

The local controversy exception requires a showing that at least one in-state defendant is

a "significant" defendant "whose alleged conduct forms a significant basis for the claims

asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A). In applying this element of

the statute, "courts have generally required that the local defendant's conduct must be significant

in relation to the conduct alleged against other defendants in the complaint." *Ava Acupuncture*

*P.C. v. State farm Mut. Auto Ins. Co.*, 592 F. Supp. 2d 522, 529 & n. 42 (S.D.N.Y. 2008)

(citation omitted). Although Plaintiff appears to have added the Black Car Defendants to his

Amended Complaint in the hope that it would assist him to invoke the local controversy

exception, he fails to establish that the Black Car Defendants qualify as "significant" defendants

under the applicable standard.

The gravamen of Plaintiff's Amended Complaint is indisputably alleged conduct by Uber

– an out-of-state defendant. (Amend. Compl. ¶¶ 15-17, 20-21, 24). Although Plaintiff asserts in

his motion to remand that the Black Car Fund acted "in conjunction" with Uber, his sole claim

against the Black Car Defendants (for breach of an alleged fiduciary duty) is that they

supposedly failed to "prevent and/or discover" alleged improper deductions *by Uber*. (Amend.

Compl. ¶ 249; *see also id.* ¶ 251 (accusing the Black Car Fund of "turning a blind eye" to

improper deductions by Uber)). Thus, according to the allegations of the Amended Complaint,

3

the Black Car Defendants' involvement was of little relative significance, as the theory of

liability is premised entirely on allegations of wrongdoing by another party.  Put more bluntly,

the Amended Complaint's own allegations make it clear that Plaintiff is not even alleging that

the Black Car Defendants conspired with Uber, but merely that they failed to uncover and act on

Uber's alleged misconduct, even though the Black Car Defendants had absolutely no legal power

to do so.[1]

As explained in the Black Car Defendants' motion to dismiss, the Complaint fails to state

a plausible claim against the Black Car Defendants because (1) the statute that created the Black

Car Fund (Article 6-F of the New York Executive Law) does not impose any obligation on the

Black Car Fund to prevent Uber from making deductions from payments to drivers that violate

Uber's private contracts with those drivers, Mot. to Dismiss at 5-9, 12-15; and (2) defendant

BCAC has no obligations whatsoever to drivers under the Executive Law – the statute merely

gives it the right to appoint a majority of directors to the Black Car Fund's board, *id.* at 9, 13;

and (3) even if the statute did create a fiduciary duty (which it does not), Plaintiff could not bring

a common law breach of fiduciary duty claim based on alleged violation of the statute, which

does not provide a private right of action.  *Id.* at 15-16.

"As a matter of logic," the Black Car Defendants cannot be considered "significant

defendants" if Plaintiff has "failed to state a claim for relief" against them.  *Marconi*, 2015 WL

4778528, at *5; *see also Stephenson v. Standard Ins. Co.*, 2013 WL 3146977, *8 (W.D. Tex.

June 18, 2013) ("if a plaintiff has not stated a claim against a certain defendant, that defendant

---

[1] Thus, the principal case on which Plaintiff relies in his Remand Motion, *Simmons v. Ambit Energy Holdings, LLC*, 2014 WL 5026252 (S.D.N.Y. Sept. 30, 2014), is easily distinguished.  There, the local defendant was "the counter-party to the contracts that form the basis of the claims in this case," and, therefore, but for that local defendant, there would have been "no basis for many, if not all, of the claims" in the case. *Id.*, at *6.  Here, the very opposite is true: Plaintiff admits that his only contract was with Uber (not the Black Car Defendants), and the only claim against the Black Car Defendants depends on a determination that Uber – an out-of-state party – did something wrong.

cannot be liable for 'significant relief' and cannot be considered a 'significant' defendant");
*Magnum Minerals, L.L.C. v. Homeland Ins. Co. of N.Y.*, 2013 WL 4766707, *6 (N.D. Tex. Sept. 5, 2013) (concluding that plaintiff class was not seeking "significant relief" because they failed to state a claim).

Finally, the same considerations provide an additional reason to reject application of the discretionary exception to CAFA jurisdiction.  Plaintiff's belated addition in his Amended Complaint of claims against the Black Car Defendants that have no basis under New York law smacks of forum shopping.  That is, the only reason for the amendment adding the Black Car Defendants was to attempt to avoid the jurisdiction of this Court.  In light of this, even if Plaintiff could invoke the discretionary exception (which, as explained above, he cannot because the Amended Complaint indisputably names an out-of-state primary defendant), the Court should decline to apply the exception because Plaintiff's Amended Complaint was plainly "pleaded in a manner that seeks to avoid federal jurisdiction."  28 U.S.C. § 1332(d)(3).

## CONCLUSION

For the reasons explained above, and in the Uber Opposition, Plaintiff's Remand Motion should be denied.

Dated: February 12, 2018
       New York, New York

Respectfully Submitted,
**SCHLAM STONE & DOLAN LLP**

By:  _____/s/_____
       Jeffrey M. Eilender
       Bradley J. Nash
       26 Broadway
       New York, NY 10004
       (212) 344-5400
       bnash@schlamstone.com

*Counsel for the Black Car Defendants*

5